# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOE M. GROUSSMAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 10 C 911 |
| | ) |
| MOTOROLA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

During the period from July 1, 2007 through December 31, 2008, Plaintiffs were participants in the Motorola 401(k) Plan (Plan) for employees of Defendant Motorola, Inc. (Motorola). Defendants were allegedly all fiduciaries of the Plan. Defendants include certain individuals that were on Motorola's Board of Directors (collectively referred to as "Director Defendants). Director Defendants allegedly delegated their responsibility to appoint the administrator of the Plan (Administrator

1

Committee) to the Compensation Committee (Committee).  In 2007, the Retirement Benefits Committee allegedly acted as the Administrator Committee and in 2008, the Retirement Benefits Committee was split into the Motorola 401(k) Plan Committee and the Motorola Pension Plan Committee.  The Motorola 401(k) Plan Committee allegedly served as the Administrator Committee beginning in 2008.  Defendants also include individuals that were members of the Administrator Committee (collectively referred to as "Administrator Defendants").  According to Plaintiffs, all Defendants controlled the management of the Plan investments.  Defendants allegedly controlled which stock was available for Plan participants to invest in, and Defendants allegedly imprudently decided to continue to offer Motorola stock as an investment option in the Plan.  Defendants allegedly breached their fiduciary duties by allegedly failing to conduct an appropriate investigation into whether Motorola stock was a prudent investment, failing to develop appropriate investment guidelines for the Plan, failing to divest the Plan of Motorola stock, failing to remove Motorola stock as an investment option for Plan participants, failing to consult with or appoint independent fiduciaries to investigate the wisdom of investing in Motorola stock, and failing to resign as fiduciaries of the Plan if they could not loyally serve the Plan and its participants.  Defendants allegedly possessed negative information about Motorola's business and failed to either act based on such information in

administering the Plan or communicate such information to Plan participants. Defendants' alleged breaches of fiduciary duties allegedly caused millions of dollars in losses to the Plan and its participants. Plaintiffs include in their complaint claims brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, alleging a failure to prudently and loyally manage the Plan and Plan assets (Count I), ERISA claims based on a failure to provide complete and accurate information to Plan participants and beneficiaries (Count II), ERISA claims based on a failure to monitor Plan fiduciaries (Count III), ERISA claims based on a breach of the duty to avoid conflicts of interest (Count IV), and ERISA co-fiduciary liability claims (Count V). On October 7, 2010, we granted Plaintiffs' oral motion to voluntarily dismiss Defendant Motorola Retirement Benefits Committee. The remaining Defendants move to dismiss the instant action.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750,

753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

Defendants contend that Plaintiffs have failed to state a valid claim for relief against Administrator Defendants, Defendant Directors, or Motorola. Defendants also argue generally that Plaintiffs have failed to state a valid claim for relief against any Defendant.

I. Administrator Defendants

Defendants contend that Plaintiffs have failed to allege sufficient facts to indicate that Administrator Defendants breached a fiduciary duty.

### A. Prudence of Investment Offering Decisions

Defendants argue that Plaintiffs have not shown that any investment offering decisions by Administrator Defendants were imprudent. Defendants argue that considering Motorola stock's long history of trading on the New York Stock Exchange, it is "patently absurd" that an investment in Motorola stock would be imprudent, and that a mere decline in Motorola stock price is not sufficient to establish a breach of fiduciary duty. (Mem. Dis. 11). Defendants also contend that, if the Plan had actually sold its Motorola stock, that action in turn would have caused the Motorola stock to plummet and ultimately harmed the Plan's interests. Such arguments, however, relate to the merits of Plaintiffs' claims, rather than whether they have pled valid claims for relief. Whether Administrator Defendants were responsible for imprudent investment offering decisions and the extent of any imprudence cannot be determined at the pleadings stage. Plaintiffs have pled sufficient facts plausibly suggesting that Administrator Defendants improperly managed the Plan to such an extent that it caused significant losses to the Plan. (Compl. Par. 4-7). Defendants' arguments in this regard to the prudence of investment offering decisions are premature at this juncture.

### B. Knowledge of Business Information

Defendants also contend that Plaintiffs have failed to plead facts showing that Administrator Defendants possessed knowledge of Motorola's business information. Plaintiffs contend that Administrator Defendants possessed certain negative information about Motorola's business and should have acted based upon such information by, among other things, avoiding making Motorola stock a Plan investment option. (Compl. Par. 4, 6). Defendants argue that in order to be actionable, Administrator Defendants' conduct must have been intentional and that their conduct could not have been intentional absent knowledge of Motorola's negative business information. Defendants cite to *Lingis v. Motorola, Inc.*, 649 F. Supp.2d 861 (N.D. Ill. 2009), pointing out that the court concluded that certain defendant fiduciaries did not possess knowledge about the business operations of the company in question, and thus could not have intentionally ignored such information in executing their duties. *Id.* at 873. Defendants contend that in *Lingis*, the court ruled on facts similar to those in the instant action, and that this court should follow the holding in *Lingis*. (Mem. Dis. 3-4). However, the court in *Lingis* was ruling on the parties' motions for summary judgment. *Id.* at 864. The court held that the plaintiff did not produce evidence to show that the defendants possessed the pertinent information. *Id.* at 873. The court, however, was not ruling on whether the plaintiffs

had stated valid claims against the defendants. *Id.* In the instant action, it is premature to engage in an analysis of the evidence, since we are at the pleading stage.

In the instant action, Plaintiffs have alleged facts concerning Administrator Defendants' connections to the Plan and to Motorola. Plaintiffs have also alleged facts indicating that Administrator Defendants possessed certain knowledge about Motorola's business information and failed to act prudently in administering the Plan. (Compl. Par. 2-6). Based on such allegations, Plaintiffs have alleged sufficient facts to plausibly suggest that Administrator Defendants may have known or should have known of the information in question. Whether Administrator Defendants in fact possessed such information, or should have known of such information, and whether they failed to act appropriately given such information are factual issues that cannot be resolved based on the pleadings. At the summary judgment stage, Defendants will have an opportunity to point to evidence or lack of evidence relating to such issues.

C. Violation of Securities Law

Defendants also contend that even if Administrator Defendants had knowledge of Motorola's negative business information, to use such knowledge for Plan

investments would violate securities laws. However, even if a violation of securities laws could provide a legal justification for a fiduciary to neglect to apprise a fund of material financial information, knowledge of the insider information would not have precluded Administrator Defendants from preventing the future purchase of Motorola stock. Nor is it clear, based on the pleadings, the extent that the business information in question would be considered insider information under securities laws or the extent that Defendants could have acted in regard to Plan investments without violating such laws. Defendants also contend that there is an ongoing action brought against Motorola for violations of securities laws, relating to the same period relevant in the instant action. However, the duties owed under ERISA are separate and distinct from any violations of securities laws, and the existence of a securities law action does not preclude the instant action. *See Harzewski v. Guidant Corp.*, 489 F.3d 799, 805 (7th Cir. 2007)(rejecting the notion that "the plaintiffs don't need a remedy under ERISA because they can sue the defendants for securities fraud" and explaining the differences between the two types of actions). Therefore, Defendants have not shown that the securities laws or the securities law action provide a basis for dismissal of the claims brought against Administrator Defendants.

### D. Duty to Communicate to Participants

Defendants also argue that Plaintiffs have not stated a valid breach of fiduciary duty claim against Administrator Defendants based on the failure to communicate negative business information regarding Motorola to Plan participants. Defendants contend that Administrator Defendants had no fiduciary obligation to communicate such information to Plan participants. Defendants contend that the Plan does not provide any section requiring Administrator Defendants to communicate to Plan participants business information about Motorola. However, Plaintiffs premise their claims on a fiduciary's basic duty to disclose to a plan's participants material information concerning the welfare of the plan. *See Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 466 (7th Cir. 2010)(stating that the duty of a fiduciary to disclose material information "includes an obligation not to mislead a plan participant or to misrepresent the terms or administration of an employee benefit plan," and that the duty "includes an affirmative obligation to communicate material facts affecting the interests of beneficiaries"); *see also Kamler v. H/N Telecommunication Services, Inc.*, 305 F.3d 672, 681 (7th Cir. 2002)(indicating that fiduciaries breach their duty "'if they mislead plan participants or misrepresent the terms or administration of a plan,'" and that "'material facts affecting the interests of plan participants' or beneficiaries' must be disclosed")(quoting *Anweiler v. Am. Elec. Power Serv. Corp.*,

3 F.3d 986, 991 (7th Cir. 1993) and *Bowerman v. Wal-Mart Stores, Inc.*, 226 F.3d 574, 590 (7th Cir. 2000)). Whether the business information in question in this case was information that falls within the scope of that duty to communicate to Plan participants cannot be determined based on the pleadings. Therefore, as indicated above, Plaintiffs have alleged facts to state valid claims against Administrator Defendants. At the summary judgment stage, Plaintiffs will need to point to sufficient evidence to support such claims.

II. Director Defendants

Defendants contend that Plaintiffs have failed to allege sufficient facts to indicate that Director Defendants breached a fiduciary duty.

A. Duty to Manage Plan Assets

Defendants contend that in accordance with the Plan, Director Defendants delegated their authority to the Compensation Committee to appoint individuals to be on the Administrator Committee. Defendants argue that it was the Administrator Committee that made the investment decisions for the Plan, and that the Director Defendants played no role in such decisions. As Defendants themselves point out, Director Defendants were fiduciaries under the Plan to the extent that they did not

10

assign their fiduciary duties to other parties. It cannot be ascertained from the pleadings whether Director Defendants retained any fiduciary duties. The Plan does provide in Section 10.1 that the Administrator Committee is given the power to direct the Plan investments. (Plan 10.1). However, such a provision would not foreclose the possibility that Director Defendants were functional fiduciaries. *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009). A party can become a functional fiduciary if he actually "exercised discretionary authority or control over the management of the Plans, the disposition of the Plans' assets, or the administration of the Plans." *Id.* Plaintiffs allege in the complaint facts that indicate that Director Defendants played an important role in administering the Plan. For example, Director Defendants are given the power to amend the Plan terms. (Plan 12. 1, 12.2). Director Defendants are also given the power to appoint and to remove members of the Administrator Committee "without cause." (Plan 8.1). Thus, Director Defendants allegedly had the ability to control who was on the Administrator Committee that oversaw investment decisions for the Plan and Director Defendants had the power to alter any terms of the Plan. Plaintiffs also specifically allege that Director Defendants actually "exercised authority or control with respect to the management of the Plan assets." (Compl. Par. 26-58). Based on Director Defendants' role in the Plan, it is conceivable that Director Defendants may have exercised control over Plan

investment decisions and thus, Plaintiffs' allegations regarding the exercise of control over the Plan by Director Defendants is plausible. We are not making any finding as to whether Director Defendants in fact actually exercised any control over the Plan investment decisions. Such a finding cannot be made based on the pleadings. We are merely concluding that Plaintiffs have set forth sufficient facts to satisfy the pleading standard. Thus, it is premature to assess whether Director Defendants were fiduciaries, and whether they breached their duty to properly manage Plan assets.

### B. Duty to Communicate to Participants

Defendants argue that Director Defendants cannot have breached a fiduciary duty to communicate information to Plan participants, arguing that Director Defendants had no such duty. Defendants contend that Director Defendants were not fiduciaries under the Plan charged with contacting Plan participants or being involved in Plan investments. However, as explained above, regardless of the express terms of the Plan, Director Defendants could have possibly been functional fiduciaries, and it is premature at this juncture to make such a determination. As explained above, in regard to Administrator Defendants, a fiduciary has a general duty to provide participants in a plan with information that is material to the welfare

of the plan. *Kenseth*, 610 F.3d at 466. Whether Director Defendants possessed such a duty and whether they complied with that duty is a matter that cannot be resolved at the pleadings stage. At the summary judgment stage, Defendants can present evidence to support their position on this point.

Plaintiffs contend that Director Defendants had a duty to communicate material information to Plan participants and failed to inform Plan participants about Motorola's negative business information. Plaintiffs also allege that Director Defendants breached their duty to provide information to Plan participants when certain Defendants made statements that were disseminated to Plan participants about Motorola's business that were misleading. Director Defendants contend that such statements were publicly made statements, made by Director Defendants in their corporate capacity, rather than in a fiduciary capacity. However, a determination of the capacity in which Director Defendants made such statements requires a factual analysis beyond the pleadings. This is evident from the cases cited by Defendants, such as *Lingis* and *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243 (5th Cir. 2008), in which the courts made conclusions as to what capacity defendants made statements after evaluating the evidence at the summary judgment stage. *Lingis*, 649 F. Supp.2d at 876; *Kirschbaum*, 526 F.3d at 246, 257.

Defendants also contend that Director Defendants could not be liable for

failing to communicate information about Motorola's business if Director Defendants did not possess such knowledge. Plaintiffs have indicated in the complaint that Director Defendants possessed such knowledge and have alleged facts concerning Director Defendants' role in the Plan that plausibly suggest that they had such knowledge. Thus, it is premature to resolve whether Director Defendants had a fiduciary duty to communicate certain material information to Plan participants or whether they breached that duty.

### C. Duty to Monitor

Defendants contend that the claim premised on Director Defendants' breach of the duty to monitor is the same claim as the claim premised on Director Defendants' concealment of material information from Plan participants. However, the duty to monitor is a separate duty from the general fiduciary duty to provide Plan participants with material information. *See e.g., Baker v. Kingsley*, 387 F.3d 649, 663 (7th Cir. 2004)(agreeing with the plaintiffs that "the power to appoint and remove members of the Administrative and Management Committees can, in some circumstances, create a duty to monitor the administrators' actions"); *Kenseth*, 610 F.3d at 466 (explaining the "affirmative obligation to communicate material facts affecting the interests of beneficiaries"). In addition, an evaluation of a breach of a

14

duty to monitor claim involves a factual analysis that is generally beyond the pleadings. *See Baker*, 387 F.3d at 663 (indicating that analyzing whether a duty to monitor was breached involves a consideration of factual issues, such as the amount of control over the administrators); *Howell v. Motorola, Inc.*, 337 F. Supp.2d 1079, 1099 (N.D. Ill. 2004)(stating that "[t]he question of whether Director Defendants breached their duty to monitor Committee Defendants is a question that will require extensive discovery and factual development"). It is premature to determine at the pleadings stage whether Director Defendants breached their duty to monitor.

III. Conflict of Interest Claims

Defendants also contend that Plaintiffs have failed to allege facts to state breach of fiduciary duty claims based on a conflict of interest. Defendants contend that the allegations that Defendant Edward J. Zander (Zander) and Defendant Thomas J. Meredith (Meredith) had a conflict of interest because they personally owned Motorola stock does not show a conflict of interest. While that may generally be true, whether or not a conflict of interest exists involves a consideration of facts outside the complaint. Plaintiffs allege that Zander and Meredith personally owned millions of dollars in Motorola stock and directly benefited by their alleged participation in Plan investment decisions and artificially inflated the price of

Motorola stock. Whether such allegations are true cannot be assessed at this juncture. At the summary judgment stage, Plaintiffs will need to point to sufficient evidence to support such allegations.

IV.  Motorola

Defendants contend that Plaintiffs have failed to allege sufficient facts to indicate that Motorola was a fiduciary of the Plan. Plaintiffs allege that Motorola had control over the management of Plan assets. (Compl. Par. 21). Plaintiffs also contend that many individuals that were involved in the Plan also were intricately involved in the operation of Motorola. For example, Zander, who was allegedly on Motorola's Board of Directors, was also allegedly the Chief Executive Officer for Motorola. (Compl. Par. 25). Plaintiffs also contend that certain Plan filings indicated that Motorola was an administrator of the Plan at one point. Defendants dispute whether Motorola in fact ever acted as an administrator of the Plan and contend that there were "administrative errors" made in certain documents that inaccurately indicated that Motorola was a Plan administrator. (Mem. Dis. 23). However, Defendants raise disputes that cannot be resolved at this juncture. Plaintiffs have alleged sufficient facts to plausibly suggest that Motorola might have been a fiduciary of the Plan.

V. General Objection to Complaint

Defendants also contend generally that Plaintiffs have failed to plead sufficient facts to state any valid claim for relief against any Defendant. In order to state valid ERISA breach of fiduciary duty claims, a plaintiff must "include allegations that support[] (1) its right of action under ERISA . . . ; (2) [the defendant's] status as a plan fiduciary; (3) [the defendant's] breach of its fiduciary duties; and (4) a cognizable loss to the plan flowing from that breach." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 512-13 (7th Cir. 2009). In the instant action, Plaintiffs have identified their rights under ERISA and identified the fiduciary duties at issue. Plaintiffs have also provided facts indicating how Defendants breached their fiduciary duties. Finally, Plaintiffs have explained how the alleged breach of fiduciary duties by Defendants resulted in significant financial losses to the Plan. We note that in *Sharp*, the Court concluded that Plaintiffs had not stated valid claims for relief because the plaintiffs alleged only in a conclusory fashion that a defendant was a fiduciary. 578 F.3d at 512-13. However, in the instant action, Plaintiffs have alleged more than conclusory statements that Defendants were fiduciaries. Plaintiffs have provided detailed facts as to each Defendant's role in the Plan and facts that make it at least plausible that each Defendant was a fiduciary or at least a functional fiduciary of the Plan. Thus, at this juncture it is premature to

17

dismiss any claims in this action. At the summary judgment stage, however, Plaintiffs will need to point to sufficient evidence to support their claims. Therefore, based on the above, we deny Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 18, 2011