**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOE M. GROUSSMAN, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 10 C 911** |
| | ) | |
| **MOTOROLA, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for class certification. For the reasons stated below, the motion for class certification is denied.

## BACKGROUND

During the period from July 1, 2007 through December 31, 2008, Plaintiffs were participants in the Motorola 401(k) Plan (Plan) for employees of Defendant Motorola, Inc. (Motorola). Defendants were allegedly all fiduciaries of the Plan. Defendants include certain individuals that were on Motorola's Board of Directors (collectively referred to as "Director Defendants"). Director Defendants allegedly delegated their responsibility to appoint the administrator of the Plan (Administrator

1

Committee) to the Compensation Committee (Committee). In 2007, the Retirement

Benefits Committee allegedly acted as the Administrator Committee. In 2008, the

Retirement Benefits Committee was split into the Motorola 401(k) Plan Committee

and the Motorola Pension Plan Committee. The Motorola 401(k) Plan Committee

allegedly served as the Administrator Committee beginning in 2008. Defendants

also include individuals that were members of the Administrator Committee

(collectively referred to as "Administrator Defendants"). According to Plaintiffs, all

Defendants controlled the management of the Plan investments. Defendants

allegedly controlled which stock was available for Plan participants to invest in, and

Defendants allegedly imprudently decided to continue to offer Motorola stock as an

investment option in the Plan. Defendants allegedly breached their fiduciary duties

by allegedly failing to conduct an appropriate investigation into whether Motorola

stock was a prudent investment, failing to develop appropriate investment guidelines

for the Plan, failing to divest the Plan of Motorola stock, failing to remove Motorola

stock as an investment option for Plan participants, failing to consult with or appoint

independent fiduciaries to investigate the wisdom of investing in Motorola stock, and

failing to resign as fiduciaries of the Plan if they could not loyally serve the Plan and

its participants. Defendants allegedly possessed negative information about

Motorola's business and failed to either act based on such information in

2

administering the Plan or communicate such information to Plan participants.

Defendants' alleged breaches of fiduciary duties allegedly caused millions of dollars in losses to the Plan and its participants.  Plaintiffs include in their complaint claims brought under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, alleging a failure to prudently and loyally manage the Plan and Plan assets (Count I), ERISA claims based on a failure to provide complete and accurate information to Plan participants and beneficiaries (Count II), ERISA claims based on a failure to monitor Plan fiduciaries (Count III), ERISA claims based on a breach of the duty to avoid conflicts of interest (Count IV), and ERISA co-fiduciary liability claims (Count V).  On October 7, 2010, the court granted Plaintiffs' oral motion to voluntarily dismiss Defendant Motorola Retirement Benefits Committee. The remaining Defendants moved to dismiss the instant action, and on January 18, 2011, the court denied the motion to dismiss.  Plaintiffs now move for class certification in this case.

## LEGAL STANDARD

A plaintiff can move for class certification pursuant to Federal Rule of Civil Procedure 23(a) (Rule 23(a)), which provides the following:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

3

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Seventh Circuit has indicated that "[c]ertification as a class action can coerce a defendant into settling on highly disadvantageous terms regardless of the merits of the suit," and thus a class can be certified by a court only if the court is convinced "*after a rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(emphasis in original)(internal quotations omitted). The certification of a class in a case is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011)(quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)).

A court may certify a class if the "numerosity, commonality, typicality, and adequate representation" requirements of Rule 23(a) are met and one of the requirements of Rule 23(b) are met. Fed. R. Civ. P. 23(b); *Dukes*, 131 S.Ct. at 2550; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(stating that a "district court may certify a class of plaintiffs if the putative class satisfies all four

requirements of Federal Rule of Civil Procedure 23(a)-numerosity, commonality, typicality, and adequacy of representation-and any one of the conditions of Rule 23(b)"); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits"); *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

## DISCUSSION

Plaintiffs seek to certify a proposed class consisting of all persons who were participants in, or beneficiaries of, the Plan at any time between July 1, 2007 and December 31, 2008 and whose accounts included investments in Motorola stock. (Mem. Cert. 1). Plaintiffs argue that they have satisfied the requirements of Rule 23(a) and the requirements of Rule 23(b)(1) and (3). (Mem. Cert. 1). Defendants argue that Plaintiffs have failed to satisfy the commonality or typicality requirements of Rule 23(a) or show that Plaintiffs are adequate class representatives. Defendants also argue that Plaintiffs have not satisfied the requirements in Rule 23(b)(1) or (3).

I.  Numerosity Requirement

Plaintiffs argue that they can satisfy the numerosity requirement in Rule 23(a). As indicated above, to satisfy the numerosity requirement a plaintiff must show that "the class is so numerous that joinder of all members is impracticable. . . ." Fed. R. Civ. P. 23(a).  A plaintiff seeking certification "cannot rely on 'mere speculation' or 'conclusory allegations' as to the size of the putative class to prove that joinder is impractical for numerosity purposes." *Arreola v. Godinez*, 546 F.3d 788, 797 (7th Cir. 2008)(quoting *Roe v. Town of Highland,* 909 F.2d 1097, 1100 n. 4 (7th Cir. 1990).  Defendants do not contest that the numerosity requirement is met in this case. (Ans. Cert. 7).  Plaintiffs have presented support for their contention that there were more than 45,000 participants in the Plan during the class period who fall within the proposed class.  (Mem. Cert. 6).  Therefore, Plaintiffs have shown that the numerosity requirement is met in this case.

II.  Commonality Requirement

Defendants argue that Plaintiffs have failed to satisfy the commonality requirement in Rule 23(a).  As indicated above, to satisfy the commonality requirement a plaintiff must show that "there are questions of law or fact common to the class. . . ." Fed. R. Civ. P. 23(a).  Plaintiffs argue that for the commonality

6

requirement, a plaintiff need only show a common nucleus of operative facts among the claims of the proposed class members. (Mem. Cert. 7). However, Plaintiffs fail, in citing caselaw for the commonality requirement, to recognize the recent decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). (Mem. Cert. 7). In *Dukes*, the Supreme Court indicated that a plaintiff must do more than simply point to some questions of fact or law relevant to potential class members or a common nucleus of operative fact. *Dukes*, 131 S.Ct. at 2551. The Court in *Dukes* indicated that it would be incorrect to read the language in Section 23(a) to provide a lenient standard since "any competently crafted class complaint literally raises common 'questions.'" *Id.* (internal quotations omitted). The Court in *Dukes* made clear that class certification should only be granted after a "rigorous analysis" by the court. *Id.*

In *Dukes*, the Supreme Court stated that for the commonality requirement, a plaintiff must show that "class members 'have suffered the same injury,' . . . [which] does not mean merely that they have all suffered a violation of the same provision of law." *Id.* A plaintiff must show that the contended common question of law or fact is "of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

Plaintiffs argue that Defendants' alleged violations of ERISA arise from a

common set of facts.  Plaintiffs also point to certain issues of law that proposed class members share in common, such as for example, whether each Defendant owed a fiduciary duty to Plaintiffs and proposed class members.  However, for the commonality requirement more is required than merely some common aspects among class members.  Plaintiffs have not shown that class members in the proposed class have suffered the same injury or that key common issues of fact or law are capable of resolution in a class action.  Plaintiffs' argument that the commonality requirement is met simply because all proposed class members were participants in the Plan and had invested in Motorola stock is the type of loose factual connections among class members that does not suffice under *Dukes*.  Nor can Plaintiffs satisfy the commonality requirement by general allegations that all proposed class members will argue that Defendants violated ERISA and that Defendants breached their fiduciary duties.  Plaintiffs contend that courts in other cases of this type have found such cases to be "particularly suitable for class certification."  (Mem. Cert. 1). However, the determination of whether the requirements are met in this case must be made based upon a detailed and rigorous evaluation of the facts and law in this case, not based on rulings in other cases, particularly pre-*Dukes* cases, or such general statements provided by Plaintiffs.

Defendants have shown that in regard to the proposed class members the

relevant facts for each class member will vary widely. The proposed class does not consist of individuals who uniformly invested in Motorola stock at a set time and suffered in a similar manner. Defendants have shown that depending on the individualized investment strategies of proposed class members, each class member will have suffered damages in a different manner. The Defendants have in fact shown that some individuals that fall within the scope of the proposed class could actually have gained funds based on the investments in Motorola stock.

Defendants have also shown that while there may be some general overlapping common issues of fact and law, the assessment of damages for each Plaintiff and proposed class member will require an individualized analysis for each class member. This case will, in essence, after resolving some of general issues in common, become a massive series of individualized analyses. Judicial economy is not best served by using a class action in order to engage in such individualized analyses. Plaintiffs contend that "[c]ourts routinely reject Defendants' speculative argument . . . based upon purported intra-class conflicts from the trading position of the Plaintiffs and other Participants in Motorola stock during the class period. . . ." (Reply Cert . 9). However, Plaintiffs fail to cite controlling precedent to support their position. (Reply Cert. 9-10). Plaintiffs also argue that "courts in this District have frequently certified ERISA breach of fiduciary duty cases involving company

stock as class actions." (Mem. Cert. 1). However, Plaintiffs again fail to cite

controlling precedent, and cite precedent that preceded the Supreme Court's ruling in

*Dukes*. (Mem. Cert. 1). In order for Plaintiffs to meet their burden in regard to the

instant motion, Plaintiffs must show more than that other courts certified classes in

other ERISA cases based on different facts.

In addition, although Plaintiffs argue that Defendants merely speculate that

there may be differences in damages based on trading patterns among class members,

Defendants' position is much more reasonable than Plaintiffs' position. It is

Plaintiffs who can only hope and speculate that among the many proposed class

members, they all individually happened to engage in similar trading patterns and

used similar trading strategies, which would allow all claims to be efficiently dealt

with in a class action format. Plaintiffs have not shown that their supposition is

likely or a reasonable conclusion based on the facts in this case. Therefore, Plaintiffs

have failed to satisfy the commonality requirement. Even though, this in itself

defeats the instant motion, the court will examine the other factors as well.


## III. Typicality Requirement

Defendants also argue that Plaintiffs have failed to satisfy the typicality

requirement in Rule 23(a). As indicated above, to satisfy the typicality requirement a

plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class. . . ." Fed. R. Civ. P. 23(a); *see also CE Design Ltd.*, 637 F.3d at 724 (stating that "[i]n many cases . . . the requirement of typicality merges with the further requirement that the class representative will fairly and adequately protect the interests of the class")(internal quotations omitted).   A claim is deemed to be a typical claim under Rule 23(a) "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and  . . . her claims are based on the same legal theory" and "[e]ven though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large." *Oshana*, 472 F.3d at 514 (internal quotations omitted)(quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) and *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 597 (7th Cir. 1993)).

Plaintiffs contend that their claims are typical of the proposed class members. Plaintiffs argue that their claims and the claims of the proposed class members are based on the "same legal theories, namely that Defendants breached their fiduciary duties to the Plan and its participants who held shares of Motorola stock through the Plan." (Mem. Cert. 9).  However, it is not enough for the typicality requirement that Plaintiffs will present the same legal theories as the proposed class members.

Defendants have shown that each proposed class member will want to argue that on a certain date it became imprudent to invest in Motorola stock and that chosen date will vary based on the each class member's unique trading pattern and investment strategy. In addition, although Plaintiffs argue that their claims are typical of the proposed class members that suffered "losses to their retirement savings," Defendants have shown that it is likely that a portion of the proposed class members actually acquired a net gain during the class period as a result of the investments in Motorola stock. (Mem. Cert. 8-9).

Plaintiffs also fail to identify the alleged specific misrepresentations and misleading statements that class members and Plaintiffs relied upon and have failed to show that they and the proposed class members were deceived in a uniform fashion. Defendants have shown that among just Plaintiffs, there is a difference as to what each Plaintiff understood at any given time, and that Plaintiffs did not rely upon the same information or statements in making their investment decisions. Plaintiffs have thus failed to show consistency even among their own claims, much less show that their claims are typical of the proposed class. Plaintiffs also contend that "[c]ourts in this District and elsewhere have also rejected Defendants' typicality arguments with regard to Plaintiffs' non-disclosure claims." (Reply Cert. 5-6). Yet Plaintiffs fail to cite any controlling precedent to support their position. (Reply Cert.

12

5-6).  Therefore, Plaintiffs have failed to satisfy the typicality requirement.


## IV. Adequate Representation Requirement

Defendants argue that Plaintiffs have failed to satisfy the adequate representation requirement in Rule 23(a).  As indicated above, to satisfy the adequate representation requirement, a plaintiff must show that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a). Plaintiffs argue that they can adequately represent the proposed class and do not have interests antagonistic to other class members.  However, as indicated above, each Plaintiff and proposed class member will want to tailor the liability and damages arguments in order to maximize the recovery.  Plaintiffs may want to argue that it became imprudent on a certain date to invest in Motorola stock in order to maximize their recovery at the expense of proposed class members who would have recovered more if another date had been chosen.  Plaintiffs also have an incentive to tailor their arguments about the alleged misrepresentations and deception to their particular situations as opposed to the situations of proposed class members in order to maximize Plaintiffs' recovery.

The Supreme Court also recognized in *Dukes* that a "rigorous analysis" in assessing a motion for class certification "will entail some overlap with the merits of

the plaintiff's underlying claim." 131 S.Ct. at 2551 -52. Defendants have pointed to

evidence from Plaintiffs' depositions that indicate that it is likely that Plaintiffs will

not be able to show that they took any actions in reliance of any misrepresentations

or misleading statements by Defendants. (Ans. Cert. 13). Defendants have shown

that neither of Plaintiffs made any changes to their Plan investments during the class

period. Thus, even if Plaintiffs could show that some proposed class members are

able to prevail on the merits in this case as to liability, Plaintiffs, who themselves

likely cannot establish liability for their own claims, are not appropriate

representatives of the proposed class. Therefore, Plaintiffs have failed to satisfy the

adequate representation requirement.


## V. Rule 23(b)(1) and (3) Requirements

Defendants argue that Plaintiffs have failed to satisfy the requirements of Rule

23(b)(1) or 23(b)(3). Rule 23(b)(1) and (3) provide the following:

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is
> satisfied and if: . . .
> (1) prosecuting separate actions by or against individual class members would
> create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class
> members that would establish incompatible standards of conduct for the party
> opposing the class; or (B) adjudications with respect to individual class
> members that, as a practical matter, would be dispositive of the interests of the
> other members not parties to the individual adjudications or would

14

substantially impair or impede their ability to protect their interests; [or] . . . (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). In the instant action Plaintiffs have not shown that there is a risk of inconsistent or varying adjudications or that rulings in regard to the claims of proposed class members would be dispositive of the claims of other class members. Nor have Plaintiffs shown that questions of law or fact common to class members predominate in this case. Defendants have shown that individualized issues of fact and law predominate in regard to the claims of the proposed class members. Plaintiffs have thus failed to satisfy the requirements of Rule 23(b)(1) or (b)(3).

## VI. Proposed Class Definition

Defendants also argue that the proposed class definition is overbroad, arbitrary, and vague. Plaintiffs have not provided an adequate basis for the definition

15

of the proposed class. Plaintiffs have not even been consistent as to what class they seek to certify. For example, in Plaintiffs' memorandum in support of the motion for class certification, Plaintiffs sought to "certify a class consisting of all person who were participants in, or beneficiaries of, the Plan at any time between July 1, 2007 and December 31, 2008. . . and whose accounts included investments in Motorola stock. . . ." (Mem. Cert. 1). However, apparently recognizing the merits of some of Defendants' arguments in opposition to the motion for class certification, Plaintiffs now claim in a recent supplemental filing that they are seeking to certify a class consisting of "all of whom invested in the Motorola Stock Fund during the same proposed Class Period (July1, 2007 through December 31, 2008) and suffered losses as a result." (P Supp. Mem. 3). The court is not required to guess as to which of Plaintiffs' filings represents their final decision, and Plaintiffs cannot shift positions after Defendants' opportunity to respond to the instant motion has passed.

There are no facts in the record that indicate that the proposed beginning and ending dates of the class period are anything other than arbitrarily chosen dates. In addition, the proposed class fails to specify any particular alleged misrepresentations or misleading statements by Defendants. Thus, the class is overly broad and vaguely defined. Plaintiffs have also failed to define the class in a manner that would limit proposed class members to those that acted in a similar or uniform fashion in regard

16

to their trading activities. Plaintiffs, as movants, had the burden to delineate an appropriate proposed class definition and have failed to do so. Therefore, the failure of Plaintiffs to delineate an appropriate class is another basis to deny the instant motion for class certification.

## VII. Motion For Leave to File Supplemental Memorandum

Defendants move for leave to file a supplemental memorandum with attached supplemental authority. Defendants contend that a recent ruling in *George v. Kraft Foods Global, Inc.*, 2011 WL 5118815 (N.D. Ill. 2011) is comparable to the instant action. (Mot. Supp. 2). Defendants' motion is granted and the court has considered the supplemental memorandum and although the supplemental authority cited in the memorandum is not controlling precedent, the court has considered the filing. In addition, Plaintiffs have filed a response to the motion for leave to file supplemental authority and the court has considered Plaintiffs' arguments in regard to such supplemental filing.

As Plaintiffs themselves indicate, this court has broad discretion in determining whether class certification would be appropriate. (Mem. Cert. 5). Based upon the facts presented in this case, the court concludes that a class action would not be an efficient manner in which to resolve all the claims of the proposed

17

class members.  Plaintiffs have failed to satisfy the requirements of Rule 23(a) or

Rule 23(b), and this court concludes that certification would not be appropriate in

this action.  Therefore, based on the above, the motion for class certification is

denied.


## CONCLUSION

Based on the foregoing analysis, the motion for class certification is denied.




_____

Samuel Der-Yeghiayan
United States District Court Judge


Dated:   November 15, 2011

18